UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOMMIE SLACK,<br><br>        Plaintiff,<br><br>  v.<br><br>MICHAEL WOODBURY,<br><br>        Defendant. | CASE NO. C19-159-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Mr. Slack has filed a "motion of objection to removing this law suit from state court to federal court under LCR 7.2 or 46." Dkt. 6. The Court recommends the motion (Dkt. 6) be denied, and that a scheduling order be issued.

## BACKGROUND

Mr. Slack commenced the instant action in King County Superior Court alleging violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA)[1] as well as the Washington state constitution. *See* Dkt. 1-1, at 28. Mr. Slack's complaint seeks injunctive, declaratory, and monetary relief. Defendants subsequently removed the action to federal court on the grounds that Mr. Slack's complaint alleges claims arising under federal law. Dkt. 10. On February 6, 2019, Mr. Slack filed the instant motion objecting to the removal of this case from

---

[1] 42 U.S.C. § 2000cc et seq.

REPORT AND RECOMMENDATION - 1

1  state court. Dkt. 6. Defendants oppose the motion arguing that Mr. Slack's complaint raises a
2  federal question by alleging a violation of RLUIPA and, therefore, the case was properly
3  removed to federal court. Dkt. 10.

## DISCUSSION

Federal district courts of the United States have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331 (Federal Question Jurisdiction). A case filed in state court may be removed to federal court automatically if the civil action raises at least one issue of federal law. *Id.*; *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997). Cases that include state and federal claims are removable if the state laws claims are derived "from a common nucleus of operative fact[.]" *City of Chicago*, *supra* at 164 (ancillary jurisdiction exists over state law claims). Removal of a civil action over which the district court has original jurisdiction is not dependent on diversity of citizenship or an amount in controversy. 28 U.S.C. §§ 1331, 1332. Original jurisdiction is not discretionary; therefore, once it is determined that original jurisdiction exists, remand of the entire case to state court is not authorized. *See Brockman v. Merabank*, 40 F.3d 1013, 1017 (9th Cir. 1994).

In cases removed to federal court, once the federal question is resolved, the court has supplemental jurisdiction over remaining state claims. 28 U.S.C. § 1367(a). In circumstances where all federal-law claims have been eliminated in a case, the district court may decline to exercise supplemental jurisdiction and remand remaining state claims to state court if remand "best accommodates the values of economy, convenience, fairness, and comity." *Carnegie–Mellon v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *see also* 28 U.S.C. § 1367(c).

REPORT AND RECOMMENDATION - 2

Title 28 U.S.C. § 1447(c) provides that within thirty days after filing of a notice of removal, a party may move to remand a case to State court "on the basis of any defect other than lack of subject matter jurisdiction[.]" 28 U.S.C. § 1447(c). Furthermore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

In this case, removal was appropriate because Mr. Slack's complaint raises a federal statutory claim under RLUIPA. Dkt. 1-1, at 14- 21. This court has original jurisdiction over Mr. Slack's federal claim and his state law claims derive from the same operative facts. Mr. Slack chose to plead a violation of the RLUIPA and, as such, removal to the district court was proper. *See Arco Environmental Remediation, L.L.C. v. Dep't of Health and Environmental Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000) ("As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims."). Mr. Slack points to no defect which would require remand under 28 U.S.C. § 1447(c).

## CONCLUSION

For the foregoing reasons, the Court recommends Mr. Slack's motion objecting to the removal of the case from state court (Dkt. 6) be **DENIED**. The Court notes that defendants have now filed an answer and as such also recommends that a scheduling order be issued.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **April 1, 2019.** The Clerk should note the matter for **April 5, 2019**, as ready for the District Judge's

REPORT AND RECOMMENDATION - 3

consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed **eight (8) pages**. The failure to timely object may affect the right to appeal.

DATED this 15th day of March, 2019.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4