UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TOMMIE SLACK,

          Plaintiff,

  v.

MICHAEL WOODBURY, et al.,

          Defendant.

CASE NO. C19-159-RSM

**ORDER DENYING MOTION TO AMEND**

Plaintiff Tommie Slack commenced this action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc alleging violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA). Mr. Slack's complaint relates to his alleged exposure to pork or pork products as a Muslim while working as an inmate trustee in the kitchen at the King County Correctional Facility. Dkt. 1-2. Mr. Slack now moves to amend his complaint. Dkt. 18. Defendants oppose the proposed amendment. Dkt. 19. The Court **DENIES** the motion (Dkt. 18) because the proposed amended complaint would cause undue prejudice to defendants.

**DISCUSSION**

At this point in the litigation Mr. Slack may no longer amend as a matter of course and, as such, pursuant to Fed. R. Civ. P. 15(a), he "may amend [his] pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so

ORDER DENYING MOTION TO AMEND - 1

requires." While this rule should be liberally interpreted, leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). In determining whether to allow an amendment to a complaint Courts consider the following factors: "the presence or absence of undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 538 (9th Cir.1989).

Here, the Court finds the proposed amendment would cause undue prejudice to defendants. The amended complaint is contradictory and confusing making it unclear what relief plaintiff is seeking and what factual allegations he intends to include. For instance, plaintiff's amended complaint states he "is moving to amend his complaint to sue the named defendants in their official capacity and not their individual capacity." Dkt. 18, at 5. However, on the following page, plaintiff proceeds to state that he is suing the named defendants in their individual capacity. *Id.*, at 6. In his reply to the motion, Mr. Slack then appears to indicate that he intends to sue the defendants only in their official capacity. Dkt. 20.

Plaintiff's amended complaint also omits several pages which were previously included in his original complaint resulting in fragmented claims and allegations. *See* Dkt. 18. In his reply to the motion, plaintiff contends that the defendants should not be confused "over pages being missing from the original complaint when counsel is now in possession of both complaints filed." Dkt. 20, at 6. However, generally, an amended complaint operates as a complete substitute (not as a supplement) for the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Furthermore, under the circumstances here it is unclear which allegations from the original complaint plaintiff intended to include, or exclude, from the amended complaint.

Due to the contradictory and fragmented nature of plaintiff's amended complaint, the pleading fails to afford defendants sufficient notice of the nature of plaintiff's claims to allow them to properly respond. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (Federal Rule of Civil Procedure 8(a)(2) requires that, in order to state a claim for relief, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]") (internal citation and quotation marks omitted). It would be unduly prejudicial to require the defendants, not to mention the Court, to attempt to piece together or guess at which claims plaintiff intended to include in his amended complaint.

Accordingly, Mr. Slack's motion to amend his complaint (Dkt. 18) is **DENIED**. The clerk is directed to provide a copy of this order to the parties and the assigned District Judge.

DATED this 2nd day of May, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge