UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TOMMY SLACK,

                Plaintiff,

v.

MICHAEL WOODBURY, et al.,

                Defendants.

CASE NO. C19-159 RSM-BAT

**ORDER DENYING MOTION TO RECONSIDER DENIAL OF MOTION TO COMPEL DISCOVERY**

On June 11, 2019, plaintiff filed motions to compel discovery, and objecting to defense counsel's notice of unavailability. Dkts. 28, 29. The Court denied both motions on June 17, 2019. Dkts. 31, 32. On June 25, 2019, plaintiff filed a motion for reconsideration in which he contends he sent defendants a "good faith" letter "allowing defendants (14 days) to properly respond to interrogatories and production of documents for inspection," and setting forth "his intention to file a motion to compell." Dkt. 34 at 4. Plaintiff also argues his discovery requests seek information that is relevant to his case, and that the defendants have not answered his discovery requests to his satisfaction.

As relief, plaintiff "asks the Court allow him to resubmit his motion to compel now that the Court has denied his second motion to amend." *Id*. at 9. The Court having considered

ORDER DENYING MOTION TO
RECONSIDER DENIAL OF MOTION TO
COMPEL DISCOVERY - 1

plaintiff's motion, defendants' response, Dkt. 36, and plaintiff's reply, Dkt. 43, **DENIES** the motion to reconsider for the reasons below.

Motions for reconsideration are disfavored under the Court's local rules:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. CR 7(h)(1). A motion for reconsideration is an "extraordinary remedy," and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted).

Plaintiff's motion for reconsideration fails to show manifest error in the Court's prior ruling, or new facts or legal authority that would warrant reconsideration of the Court's order denying discovery. In the June 11, 2019, motion to compel discovery, Dkt. 29, plaintiff failed to certify he had in good faith conferred or attempted to confer with defendants before filing his motion, as required by Fed. R. Civ. Pro. 37(a)(1) and Local Rule 37. Under the local rule, "A good faith effort to confer with a party or person not making disclosure or discovery **requires** a face-to-face meeting or a telephone conference." (emphasis added). The Court thus properly denied plaintiff's motion to compel discovery.

Plaintiff's motion for reconsideration fails to present new facts that shows manifest error or would alter the Court's denial of the motions for discovery. In the motion, plaintiff attached letters he sent to defendants. Although plaintiff states the letters are a "good faith effort to resolve our discovery dispute," the letters "challenge" defendants objections and the answers
ORDER DENYING MOTION TO
RECONSIDER DENIAL OF MOTION TO
COMPEL DISCOVERY - 2

defendants provided to plaintiff's discovery requests and announce that "absent acceptable responses said motion to compel will be filed." In short, the letters set forth demands for discovery, not a request to confer with opposing counsel. The letters fail to establish plaintiff has complied with the requirements of the Court's local rules.

Plaintiff also objected to defense counsel's notice of unavailability. But defense counsel's notice does not justify reconsideration of the denial of discovery. This is because plaintiff has not shown that he has ever in good faith conferred or attempted to confer with defendants as required by the Court's local rules. The Court accordingly concludes plaintiff has failed to establish grounds that warrants reconsideration of the order denying the motion for discovery and plaintiff's objection to defense counsel's notice of unavailability and accordingly ORDERS:

(1) Plaintiff's motion for reconsideration, Dkt. 34, is DENIED.

(2) The Clerk shall provide a copy of this order to the parties.

DATED this 16th day of July, 2019.

BRIAN A. TSUCHIDA
United States Magistrate Judge